## THE MARK LANE.*

*(District Court, E. D. Pennsylvania. September 15, 1882.)*

MARITIME LIEN—STEVEDORE—SUBCONTRACTOR.

Where the master of a vessel employs a stevedore to discharge cargo, and the latter employs laborers for that purpose, such laborers have no lien upon the vessel.

Libel of Alexander Baird *et al.* against the steam-ship Mark Lane to recover wages. The facts disclosed were as follows:

The Mark Lane arrived at Philadelphia April 30, 1882, with a cargo of potatoes, part of which were rotten. The master contracted with one James Steen, a stevedore, to discharge the cargo, sound and unsound, at a price of 40 cents a ton. Steen in turn employed the libelants. The board of health afterwards ordered the master to remove the rotten potatoes from the city as a nuisance, and Steen thereupon contracted with the laborers at increased wages. The sound potatoes were discharged upon the wharf, and the steamship proceeded down the river with the libelants and discharged the rotten part overboard. A dispute afterwards arose between Steen and the libelants, he claiming that they were to be paid for the time they actually worked and the time spent in going up and down the river, and they claiming wages from the time of leaving the wharf to the return to the city. Libelant failing to obtain from Steen the amount claimed, filed this libel.

*J. Joseph Murphy* and *W. P. Swope,* for libelants.

*Henry G. Ward,* for respondent.

BUTLER, D. J. The defense urged is two-fold—*first,* that no lien arose from the service; and, *second,* if a lien did arise it was in favor of Steen, who alone was known to respondent. As the second point is, in my judgment, well taken, and is fatal, the first need not be considered. Steen contracted to discharge the cargo, and employed libelants as laborers for that purpose. When the prohibition to discharge upon the wharf came, and arrangements were made to do it elsewhere, the relations between Steen and his employers continued, except as to the extent of wages. Their rights were in no other respect affected. As between them and the ship Steen performed the service. No other view of the subject is supported by the evidence. The libelants are entitled to payment from Steen according to the rate of wages contracted for with him. If he is in default they have a remedy elsewhere. They are here pursuing the ship only because he and they disagree respecting their contract. He having been paid in full for the service, the claim here seems especially inequitable.

The libel must be dismissed, with costs.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.